UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN QUINN SINGLETON,

Plaintiff,

v.

JODY LLOYD WINTER, et al.,

Defendants.

Case No.  1:26-cv-02099-JLT-FJS

**FINDINGS AND RECOMMENDATIONS RECOMMENDING REMAND AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT**

(Docs. 1, 2)

On March 16, 2026, Plaintiff Steven Quinn Singleton ("Plaintiff"), proceeding *pro se*, removed this action from Fresno County Superior Court (the "State Court Action").[1]  (Doc. 1.) Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (Doc. 2.)  Because the removal statute does not authorize such a removal, the Court will issue findings and recommendations recommending that this matter be remanded.  This recommended remand also warrants denying Plaintiff's pending application to proceed *in forma pauperis* as moot.

---

[1] The Fresno County Superior Court case is *Steven Quinn Singleton v. Jody Lloyd Winter, et al.*, Case No. 26CECG00980.

1

## I.   BACKGROUND

Plaintiff purports to remove the State Court Action to federal court because he has allegedly "been met with systemic prejudice throughout the State court, law enforcement, and legal system infrastructure," "been denied access to fair hearings and his rights have been systematically oppressed when engaging the State court system," "been scammed or denied fair and reasonable access to public service through the Superior Court of California, Fresno County," and suffered "abuses of position that have required contact with Federal agencies to address." (*Id.* at 1-2.)  Plaintiff states that he "applies for removal under Federal question related to unequal protections of the laws of the State of California and a patterned deprivation of rights when engaging public systems of the State."  (*Id.* at 3.)

Plaintiff represents that "[m]uliple petitions for removal from the state-level courts are connected to this matter." (Doc. 1 at 2.)  The Court notes that Plaintiff has removed at least five other state court cases to the Eastern Distrct that appear to involve similar facts as those involved herein.  *See Singleton v. Jordan*, No. 1:26-cv-02019-EPG (E.D. Cal. Mar. 13, 2026); *Singleton v. Superior Court of California, Fresno County*, No. 1:26-cv-02096-JLT-SAB (E.D. Cal. Mar. 16, 2026); *Singleton v. Thompson*, No. 1:26-cv-02095-KES-HBK (E.D. Cal. Mar. 16, 2026); *Singleton v. Superior Court of California, Fresno County*, No. 1:26-cv-02097-KES-SKO (E.D. Cal. Mar. 16, 2026); *Singleton v. Valley Strong Credit Union*, No. 1:26-cv-2021-JLT-SAB (E.D. Cal. Mar. 13, 2026).  What's more, in the last month Plaintiff has filed several additional cases in the Eastern District that appear unrelated to this action.  *See Singleton v. Department of State*, No. 1:26-cv-02062-JLT-SKO (E.D. Cal. Mar. 16, 2026); *Singleton v. Environmental Protection Agency*, No. 1:26-cv-02061-JLT-FRS (E.D. Cal. Mar. 16, 2026); *Singleton v. Department of Agriculture*, No. 1:26-cv-2060-JLT-EPG (E.D. Cal. Mar. 16, 2026); *Singleton v. Merit System Protection Board*, No. 1:26-cv-2018 (E.D. Cal. Mar. 13, 2026); *Singleton v. Federal Election Commission*, No. 1:26-cv-2016 (E.D. Cal. Mar. 13, 2026); *Singleton v. Bureau of Consumer Finance Protection*, No. 1:26-cv-2017 (E.D. Cal. Mar. 13, 2026); *Singleton v. Federal Bureau of Investigation*, No. 1:26-cv-1687 (E.D. Cal. Mar. 2, 2026).

//

## II.     DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

28 U.S.C. § 1441(a) authorizes a defendant to remove a state court action to federal court in certain circumstances:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added).  Significantly, "[n]o language in Section 1441 provides a textual basis for removal by a plaintiff." *Hopkins v. Am. Home Mortg. Servicing, Inc.*, No. C-1300869 DMR, 2013 WL 1800049, at *2 (N.D. Cal. Apr. 29, 2013).  Removal statutes are strictly construed against removal.  *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

Plaintiff here is not a defendant in the Fresno County Superior Court action.  The removal statute authorizes only a civil defendant or defendants to remove a state court action to federal court.  28 U.S.C. § 1441(a).  Improperly removed actions must be remanded to state court. *See Okot v. Callahan*, 788 F.2d 631, 633 (9th Cir. 1986).

Because Plaintiff's removal is procedurally improper, and as there does not appear to be any way this procedural defect could be corrected, the Court recommends remand of this action.  Where an action is remanded to state court, any pending application to proceed *in forma pauperis* is rendered moot. *See Fan v. Coleman*, No. 2:24-CV-01579-KJM-AC, 2024 WL 3330463, at *2 (E.D. Cal. June 6, 2024).

//

//

//

3

### III.    CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1.  This case be remanded to Fresno County Superior Court; and

2.  Plaintiff's application to proceed *in forma pauperis* (Doc. 2) be DENIED as MOOT.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**March 26, 2026**__

FRANK J. SINGER
UNITED STATES MAGISTRATE JUDGE

4